**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50009 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02509-DMS-1 |
| v. | |
| SERGIO ORTIZ-LEDEZMA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted December 9, 2010[**]
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

Sergio Ortiz-Ledezma appeals the district court's denial of his motion to

dismiss the indictment charging him with unlawful reentry after a prior

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortiz-Ledezma argues that his prior deportation was invalid. However, a defendant charged under 8 U.S.C. § 1326 cannot collaterally attack his deportation order if he did not exhaust his administrative remedies in the deportation proceedings. *United States v. Garza-Sanchez*, 217 F.3d 806, 808 (9th Cir. 2000). "Accordingly, a valid waiver of the right to appeal a deportation order precludes a later collateral attack." *Id.* (citing *United States v. Estrada-Torres*, 179 F.3d 776, 780 (9th Cir. 1999)).

A waiver of the right to appeal is valid if it is "considered and intelligent." *United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987). The government bears the burden of proving the validity of Ortiz-Ledezma's waiver. *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010). Although we are to "indulge every reasonable presumption against waiver," *United States v. Lopez-Vasquez,* 1 F.3d 751, 753 (9th Cir. 1993), here the record makes clear that Ortiz-Ledezma made a considered and intelligent waiver of the right to appeal.

To effect a valid waiver of an alien's right to appeal, the IJ must inform the alien of his right to appeal, ask the alien personally if he understands his right to appeal, and inform the alien of his apparent eligibility for relief from deportation if

"the record, fairly reviewed by an individual who is intimately familiar with the immigration laws . . . raises a reasonable possibility that the [alien] may be eligible for relief." *United States v. Lopez-Velasquez*, No. 07-30241, 2010 WL 4948516 at *3 (9th Cir. Dec. 7, 2010) (en banc) (internal quotation marks omitted).

The deportation proceeding transcript shows that Ortiz-Ledezma was informed of his right to appeal, both in a group and individual setting, and that Mr. Ortiz-Ledezma waived this right after receiving a full explanation of his likely eligibility for cancellation of removal and the consequences of waiving the right to appeal. The IJ thoroughly explained the consequences of not applying for cancellation of removal, and practically urged Ortiz-Ledezma to apply, even after Ortiz-Ledezma had already validly waived his right to do so:

> IJ: Okay, well you have children, you've been here your whole life, why wouldn't you want to seek cancellation?
> Ortiz-Ledezma: I'd like to get out, Your Honor.
> IJ: Okay. Well, I can understand that, but I mean you're leaving behind your children, your family, your whole life because you don't wanna, um, wait additional time to see if you can get this relief. That's that's the decision you want to make?
> Ortiz-Ledezma: Yes, Your Honor.
> IJ: Okay. Then you have waived your opportunity for cancellation of removal.

Ortiz-Ledezma argues that he would have applied for cancellation of removal had the IJ informed him of his eligibility for bond. However, Ortiz-Ledezma was statutorily ineligible for bond under 8 U.S.C. § 1226 (c)(1) because

of his previous criminal conviction. Although our case law makes clear that mandatory detention of criminal aliens under § 1226(c) cannot be indefinite, detention is authorized during the alien's removal proceedings, which do not conclude until the BIA's dismissal of the alien's appeal. *See Denmore v. Kim*, 538 U.S. 510 (2003); *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008). Since Ortiz-Ledezma would not have been eligible for bond while awaiting a hearing on cancellation of removal, the IJ's failure to discuss Ortiz-Ledezma's eligibility for bond does not invalidate his waiver of cancellation of removal. *See also United States v. Corrales-Beltran*, 192 F.3d 1311 (9th Cir. 1999) (holding that an IJ's failure to advise an alien of the right to appeal a bail determination did not invalidate the alien's waiver of the right to appeal, because it did not rise to the level of "fundamental unfairness").

When obtaining Ortiz-Ledezma's waiver of the right to appeal, the IJ fully explained the consequences of this waiver. The IJ asked Ortiz-Ledezma if he understood that the " Board of Appeals could order that you go free and that you not be removed at all and that you be allowed to stay in the United States and keep your legal residence?" To this question, Ortiz-Ledezma replied "I understand, I understand." Ortiz-Ledezma also stated that he understood that he could never appeal the deportation order if he did not appeal at the hearing, and that if he

returned to the country unlawfully he could go to prison for a term of years. Ortiz-Ledezma then told the IJ that he did not want to appeal, and thereby waived his right to appeal.

Although Ortiz-Ledezma was not represented by an attorney during the hearing, he had individually and affirmatively waived his right to an attorney at the beginning of the proceedings after receiving an explanation of his right to be represented. This satisfies the requirements of *Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir. 2005), and does not justify invalidating Ortiz-Ledezma's considered and intelligent waiver of the right to appeal.

Because Ortiz-Ledezma validly waived his right to appeal his deportation order, he is barred from collaterally attacking his prior deportation. The district court's denial of Ortiz-Ledezma's motion to dismiss the indictment is **AFFIRMED.**